CHICAGO—FIRST DISTRICT—APRIL, 1918. 399

Bush v. Carloading & Distributing Co. et al., 210 Ill. App. 399.

**B. F. Bush, Receiver, Appellee, v. Carloading & Distributing Company and W. McMillan & Son (Defendants). W. McMillan & Son, Appellant.**

**Gen. No. 23,910. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term,. 1917. Affirmed. Opinion filed April 29, 1918.

### Statement of the Case.

Action by B. F. Bush, receiver of the Missouri Pacific Railway Company, plaintiff, against Carloading & Distributing Company and W. McMillan & Son, defendants, to recover a certain amount which was alleged to be due by reason of having been erroneously refunded to defendants as overcharges on freight and by reason of undercharges on freight. From a judgment for plaintiff, defendant McMillan & Son appeals.

HUTTMANN, CLOYES & CARR, for appellant.

JEFFERY, CAMPBELL & CLARK, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. PAYMENT, § 41*—*when rule preventing recovery of money paid voluntarily under mistake of law is inapplicable.* The rule which prevents the recovery of money voluntarily paid under a mistake as to the law and under a claim of right does not apply to an action by a carrier to recover freight charges refunded by it on interstate shipments under a mistake as to amount of such charges as regulated by the Interstate Commerce Act.

2. CARRIERS, § 33a*—*what rates must be paid on interstate shipments.* The only rates which a common carrier may collect and a

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

shipper may pay on interstate shipments are those fixed by the Interstate Commerce Act, and those rates cannot be altered by mistakes or misapprehensions of either shipper or carrier.

3. COMMERCE, § 33a*—*what is proper forum to pass upon railroad rates and tariffs.* The Interstate Commerce Commission is the proper forum to pass upon the comparative fairness of through rates and local tariffs.

4. CARRIERS, § 211*—*when expert evidence relating to interstate commerce tariff rates is admissible.* In an action to recover back money alleged to have been erroneously refunded as an overcharge on an interstate shipment, it is not error to permit an expert to explain matters connected with the interstate commerce tariff rates and schedules.