(91 South. 301)

No. 25068.

## WIGHT v. ZEMURRAY.

### In re LANCASTER et al.

(March 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Carriers ⚓196—Railroad's action to recover rebate on freight charge held an action for "recovery of erroneous freight charges" within statute of limitations.

Railroad's action against shipper to recover rebate erroneously allowed as the cost of loading freight *held* an action for "recovery of erroneous freight charges" within Act No. 223 of 1914, requiring such action to be brought within 2 years, and not an action within Civ. Code, art. 3544, requiring actions not theretofore mentioned to be brought within 10 years.

2. Limitation of actions ⚓16—Prescription; action to recover amount erroneously paid not subject to prescription applicable to supposed debt that was paid.

Generally, an action to recover an amount which has been paid in error is not subject to the prescription that would be applicable to the supposed debt that was paid.

Action by Pearl Wight, receiver of the Texas & Pacific Railway Company, against Samuel Zemurray. Judgment for plaintiff reversed by the Court of Appeal, and J. L.

Lancaster and Charles L. Wallace, receivers, successors of Pearl Wight, apply for certiorari or writ of review. Judgment of Court of Appeal affirmed.

Spencer, Gidiere, Phelps & Dunbar and Sumter D. Marks, Jr.; all of New Orleans, for plaintiff.

Solomon Wolff, Monroe & Lemann, and Manning W. Heard, all of New Orleans, for defendant.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Samuel Zemurray shipped via the Texas & Pacific Railway, between the months of January and August, 1912, in several shipments, 38 carloads of mixed fruits and vegetables, which were loaded at New Orleans and consigned to purchasers at Alexandria, Monroe, and Shreveport. The freight charges were made according to the published tariff, and were paid promptly, by the consignees. Thereafter Zemurray claimed a rebate of $6 per car, or $228 in all, for loading charges, which he contended should have been absorbed or assumed by the railway company, according to the prevailing tariffs. The agents of the railway company, believing that the freight tariffs authorized the company to absorb or assume the loading charges, paid Zemurray the $228.

On the 30th of October, 1918, this suit was brought against Zemurray by the receiver of the railway company to recover the $228, on the averment that the payment was made in error, the agents of the railway company having believed that the freight tariffs authorized the company to absorb or assume the loading charges, when in fact the tariff did not authorize it. Defendant pleaded the prescription of two years under Act 223 of 1914, p. 421. The plea having been overruled, defendant answered, and on trial of the case upon its merits judgment was rendered in favor of the receiver for the amount

sued for. On appeal by Zemurray to the Court of Appeal, his plea of prescription was maintained, and the demand of the receiver was therefore rejected. The case is before us on a writ of review.

The tariff on which Zemurray claimed the rebate reads as follows:

"The Texas & Pacific Railway and connections will absorb the actual cost of loading, but not to exceed $6:00 per car, on mixed carloads of bananas, cocoanuts, grapefruit, lemons, limes, oranges and tangerines, loaded at New Orleans & North Eastern R. R. fruit wharf, when forwarded via the Texas & Pacific Railway to points competitive with the New Orleans & North Eastern R. R."

The reason why the relators claim that the tariff did not authorize the railway company to absorb the loading charges on the 38 cars in question is that 4 of the cars were loaded, not at the New Orleans & North Eastern Railroad Company's fruit wharf, but at the wharf of the Illinois Central Railroad Company, and that the 34 other cars contained, besides the fruits on which the tariff authorized the rebate, other kinds of fruit, as well as vegetables. It is not contended, however, that there was fraud or misrepresentation on the part of the consignor or consignees in that respect.

Act 223 of 1914 declares:

"That all actions by or against common carriers for the collection or recovery of erroneous freight charges, and all actions for loss or damages to shipments of freight, shall be prescribed by two years, said prescription to run from the date of shipment."

[1] Relators contend that this action is not for the recovery of freight charges, but for the recovery of loading charges, which were paid in error. Hence it is contended that the action is not subject to the prescription of 2 years under Act 223 of 1914, but is subject to the prescription of 10 years, under article 3544 of the Civil Code, declaring that all personal actions except those theretofore mentioned in the Code are subject to the prescription of 10 years.

The payment which plaintiff is seeking to recover was made as a rebate on a freight charge. It is true the rebate was allowed, erroneously perhaps, as the cost of loading the freight; but it was not paid as a debt due to the shipper independently of the freight charges. It was payable only as a rebate on, or deduction from, the freight charges. In fact, it was collected from the consignees, as part of the freight charges according to the tariff; and it was returned to the shipper, perhaps erroneously, as an allowance on the freight charges. It is conceded by relators in their petition to this court that, if Zemurray had deducted or withheld the loading charges, in the payment of the freight charges, an action by the railway company to collect the amount withheld would have been subject to the prescription of 2 years under the statute of 1914. We do not see why the fact that the freight charges were paid in full, and that the rebate or allowance for the costs of loading was refunded afterwards, should alter the case. It is also virtually conceded—and it ought to be conceded—that, if after the freight charges were paid in full Zemurray had sued for the rebate or allowance for the cost of loading, his action would have been subject to the prescription of 2 years under the statute of 1914.

It is argued on behalf of relators that the interpretation which the Court of Appeal has given to the statute of 1914 makes it possible for an action of this kind to be prescribed before the cause of action has arisen. The argument is illustrated by supposing that the railway company had not refunded the loading charges until 2 years after the date of shipment. We are not concerned with the question in this case whether the term of prescription which the statute says runs from the date of shipment is suspended un-

til an erroneous rebate or deduction has been withheld or refunded. The statute is quite plain on that subject, and is based upon the supposition that freight charges are usually adjusted at the time of the shipment or delivery of the freight. Be that as it may, it is conceded by relators, as we understand, that more than 2 years had elapsed after the payment of the loading charges to Zemurray when this suit was filed. There is therefore .no occasion for deciding whether the term of prescription was suspended until the cause of action arose.

[2] It is said by counsel for relators that the Court of Appeal has applied to this ac tion, for the recovery of a payment made in error, the prescription which would have been applicable to the debt that was paid, if the debt had existed. As a general rule, an action to recover an amount which has been paid in error is not subject to the prescription that would be applicable to the supposed debt that was paid. But the rule is not applicable to a suit to recover an amount which has been paid in error as a freight charge, or as an allowance or a rebate on a freight charge, because the statute of 1914 plainly applies as well to an action to collect an erroneous payment of a freight charge as to an action to collect an erroneous allowance or deduction from a freight charge. The language of the statute is not very accurate when subject to a critical analysis, but its meaning is plain enough. Of course it does not mean literally:

"That all actions by * * * common carriers for the collection * * * of erroneous freight charges * * * shall be prescribed by two years."

Common carriers are not supposed to sue for the collection of erroneous freight charges. The statute means that actions by common carriers for the collection of freight charges that have been erroneously deducted or refunded or left uncollected, and actions against common carriers for the recovery of freight charges that have been erroneously paid, shall be prescribed by 2 years. This suit is an action for the collection or recovery of a refund which was perhaps erroneously allowed as a rebate on freight charges. Our conclusion, therefore, is that the judgment of the Court of Appeal, sustaining the plea of prescription, is correct.

The judgment of the Court of Appeal is affirmed at relator's cost.