Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant, v. The Edgewater Coal Company, Appellee.

Gen. No. 36,363.

Opinion filed October 25, 1933.

SIDNEY C. MURRAY and BERTRAND WALKER, for appellant; L. BEERS-JONES and J. B. KNEIPPLE, of counsel.

CAMPBELL, CLITHERO & FISCHER, for appellee; CARLTON L. FISCHER, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This was an action brought by the plaintiff, Cleveland, Cincinnati, Chicago & St. Louis Ry. Co., a common carrier, to recover freight charges erroneously refunded to the defendant, The Edgewater Coal Co. The cause was submitted to the court without a jury, resulting in a finding in favor of the defendant and judgment on the finding. From that judgment an appeal was prayed and allowed to this court.

The statement of claim alleges that between the dates of November 18, 1921 and January 12, 1923, certain carloads of coal were transported by the plaintiff over its own and connecting lines and delivered to the defendant at Edgewater Station, Illinois; that the defendant paid the lawful freight charges thereon but subsequently demanded refunds of certain portions of the freight charges which were erroneously refunded between the dates of November 12, 1924 and November 19, 1924. The dates are important inasmuch as the defendant pleaded the statute of limitations as well as filing an affidavit of merits.

Plaintiff's action is based upon the claim that the refunds were made by the plaintiff to the defendant under a mistake. The action is brought in assumpsit for money paid under a mistake of fact and it is insisted that the statute of limitations in force in this State governs. This Limitations Act (Cahill's Rev. St. ch. 83, ¶ 16) in force in this State provides:

"Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

Defendant takes the position that the rates are fixed and established by the Interstate Commerce Commission and that plaintiff's action is barred by the Act of February 28, 1920, U. S. Code Ann. Title 49, sec. 16, subsection 3-a p. 7, which provides that actions for the recovery of charges, by a carrier, or any part thereof shall be begun within three years after the cause of action accrues.

There seems to be a conflict in the authorities as to whether the right of action arises under and is gov-

erned by the Interstate Commerce Act, or whether it is a common law action for money paid under a mistake of fact. If the federal enactment is controlling, the statute of limitations would bar the action. If, however, it is a common law action in assumpsit, the State statute would govern.

Plaintiff cites the case of *Galveston, H. & S. A. Ry. Co. v. Lykes Bros.,* 294 Fed. 968, in which it was held that the action was one for money paid under mistake of fact. The court in *Michigan Cent. R. Co. v. I. M. Partridge Lumber Co.,* 17 F. (2d) 657, also held that such was the law. The court in the latter opinion said:

"It was due solely to the mistake of the plaintiff, and the obligation to repay did not arise out of the express contract for transportation, but solely out of an implied contract that the defendant would repay to the plaintiff money which belonged to it, and to which the defendant was not entitled." (Citing *Galveston, H. & S. A. Ry. Co. v. Lykes Bros.* (D. C.), 294 Fed. 968.) That case was reversed on appeal and the decision found in *T. M. Partridge Lumber Co. v. Michigan Cent. R. Co.,* 26 F. (2d) 615. The reviewing court in its opinion held that the trial court was correct in holding that the State statute applied, but reversed the cause on the ground that it was not a federal action or proceeding arising under the law regulating commerce; that, therefore, the trial court should have dismissed the action for want of jurisdiction. This opinion, however, was by a divided court and the minority opinion took the position that it was an action under the Interstate Commerce Act and, consequently, barred by the statute of limitations, as provided under sec. 8584 of the Compiled Statutes.

*Bush v. Carloading & Distributing Co.,* 210 Ill. App. 399 (abst.), cited by plaintiff, permitted a recovery for a refund claimed by the shipper and allowed by the carrier, but the question of the statute of limitations

does not appear to have been raised. The court in its opinion did say, however, that:

"The only rates which a common carrier may collect or a shipper pay are regulated by the Interstate Commerce act and the law will not permit any different rate as a basis of settlement, through any device whatever. The only question for determination is as to what is the actual tariff rate, and the amount cannot be altered by alleged mistakes or misapprehensions of either party. *Texas & Pacific Ry. Co. v. Mugg,* 202 U. S. 242. There are numerous cases asserting this principle."

*Davis v. Naugle Pole & Tie Co.,* 238 Ill. App. 214, was an action in the State court in which the plaintiff was permitted to recover refunds on freight charges erroneously granted. We are not aided, however, by this opinion as to the interpretation of the Limitations Act of the Interstate Commerce Commission. The court, however, did recognize the fact that the rates were fixed by the Interstate Commerce Commission and that it was the purpose of the Commission Act to fix reasonable rates from which neither party could deviate.

The purpose of the Interstate Commerce Act, with its power to regulate charges of carriers, was intended to prevent discrimination in favor of shippers. It was the intention of the act to safeguard the small shipper from favors granted to those with more extended dealings with the carrier. The rates are fixed according to the length of the haul, the number of movements of the shipment over connecting carriers and switching requirements. All the various movements that enter into the transportation of the article from the source of origin to the consignee are considered and the tariffs established by the Interstate Commerce Commission.

In the case at bar there is in our opinion nothing which could be construed to amount to a mistake of fact. All the facts entering into the shipment in ques-

tion were known and the error, if any, in the refund by the plaintiff to defendant in this cause, was purely an error of computation. Not only was it the duty of the carrier to make a refund in case of an overcharge, but it was compulsory. The act which created this duty also provided for the limitation. There being no mistake of fact, the action must be predicated upon the Interstate Commerce Tariff and, therefore, controlled by its limitations. We cannot conceive of a position where the right was created by a federal enactment and the limitation governed by a State provision. In the case of *Pennsylvania R. Co. v. Carolina Portland Cement Co.,* 16 F. (2d) 760, the Circuit Court of Appeals in its opinion, said:

''(4) The cause of action is one created by statute, which fixes a time within which action must be brought as an essential element of the right to sue, and in such cases it is well settled that a declaration or complaint which shows on its face that the action was not brought within the time prescribed is demurrable.'' To the same effect see *Wight v. Zemurray,* 150 La. 929; *Michigan Cent. R. Co. v. I. M. Partridge Lumber Co.,* 17 F. (2d) 657.

In the case of *Illinois Glass Co. v. Chicago Telephone Co.,* 234 Ill. 535, it appears that the Telephone Company filed its schedule of rates under an ordinance of the City of Chicago and the plaintiff in that case paid an amount in excess of the amount fixed by the ordinance and then brought suit to recover. The Supreme Court of this State held that there was neither fraud, misrepresentation, nor mistake in fact nor were the payments made on a consideration which subsequently failed. It was admitted that an overpayment was made. The Supreme Court in its opinion, said: ''It has been a universally recognized rule that money voluntarily paid under a claim of right to the payment and with knowledge of the facts by the person

making the payment cannot be recovered back on the ground that the claim was illegal.'' Again: ''Although the defendant could not legally require payment of more than $125 per year for the business telephone and the plaintiff was not legally bound to pay more, a larger sum was voluntarily paid without fraud, mistake of fact or other ground for annulling the contract.''

In the case of *Sando v. Smith,* 237 Ill. App. 570, the court in its opinion, said: ''The general rule is further to the effect that a payment made with a full knowledge of the facts and circumstances and in ignorance only of legal rights cannot be recovered back and proof that the one making the payment was in fact under no legal obligation to pay and that the other had no right to receive the payment is of no consequence and will not entitle the one making the payment to sue for a recovery of the money, unless the payment was compulsory to the extent of depriving him of the exercise of his free will. *Illinois Glass Co. v. Chicago Tel. Co.,* 234 Ill. 535.''

In our opinion the mistake, if any, was a mistake of law. The facts were all known to both parties. The rate was fixed by the Interstate Commerce Commission and both parties acted with all the facts and circumstances before them. The right of the plaintiff to recover the refund was granted by the Interstate Commerce Act and at the same time the plaintiff, seeking to recover under that act, was also bound by the act with regard to the limitation within which the action should be brought. It was an action based on a statute and not a common law right.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.